# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 07-00003-CR-W-FJG |
| EMANUEL M. KIND, et al., ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is Emanuel M. Kind's Consolidated Motions in Limine (Doc. # 33) and Emanuel M. Kind's Motion in Limine Regarding the Condition in Which Mr. Kind Maintained 301 S.E. Hackamore Drive (Doc. # 44).

## I. CONSOLIDATED MOTIONS IN LIMINE

### A. Tax Evidence

Defendant Kind moves to exclude any evidence regarding his past tax filings. The Government states that it does not intend to offer evidence that defendant Kind committed tax fraud, failed to file income tax returns, pay taxes and/or failed to timely or correctly file tax returns. Accordingly, the Court hereby **GRANTS** this Motion in Limine.

### B. Criminal History

Defendant states that his past convictions for passing bad checks, disorderly conduct and providing false information to police are not bad acts that form the factual setting for the crimes with which he is charged in this case. Additionally, defendant Kind states that many of those bad acts are remote in time and that the deadline has passed for the government to provide to defendant Kind written notice of all prior and

subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b).

The Government states that defendant Kind was convicted in Jackson County, Missouri in 1998 and 2002 of passing bad checks, which is a Class D felony and that if defendant Kind testifies, it intends to offer evidence of those convictions. The Government states that Fed.R.Evid. 609(a) provides that subject to Fed.R.Evid. 403, for the purpose of attacking the character for truthfulness of a witness, evidence that an accused has been convicted of a felony shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused. The Government argues that evidence of felony bad checks convictions is relevant to the jury's credibility determinations because passing a bad check involves dishonesty, which intends to impeach defendant Kind's credibility.

The Court finds that the probative value of admitting this evidence outweighs any prejudicial effect on defendant Kind. Accordingly, if defendant Kind testifies, the Government will be allowed to introduce this evidence. Therefore, defendant Kind's Motion in Limine regarding his criminal history is hereby **DENIED**. However, if defendant Kind does not testify, the Government will not be allowed to introduce this evidence.

**C. Credit Report**

Defendant Kind states that the Government has in its possession credit reports for him that were issued by the nationwide consumer credit reporting companies: Experian, Equifax and TransUnion. Defendant Kind states that these reports contain

2

negative information which is inaccurate as well as negative information which is accurate. Defendant Kind argues that evidence of late payments or non-payments to creditors are bad acts which should be excluded because they are not inextricably intertwined with this case.

The Government states that it does not intend to offer evidence regarding defendant Kind's credit reports except to show that his credit history was not good enough for him to obtain loans to purchase property in his own name.

The Court **DENIES** the motion in limine regarding the credit report. The Government will be allowed to use this evidence in cross examination of the defendant should he testify or for the limited purpose of showing that he had no access to funds to purchase a home if he does not testify.

### D. Information Regarding Counsel

Defendant Kind states that the Government should not be allowed to introduce the fact that counsel was appointed by the Court to represent him. The Government states that it does not intend to offer any evidence or argument about defense counsel other than to ask venire members if they know or have been represented by Willie Epps or his firm.

Accordingly, the Court hereby **GRANTS** the Motion in Limine regarding information relating to Counsel.

### E. Alleged Threats Are Irrelevant and Should Be Excluded

Defendant Kind states that three potential fact witnesses, John Strong, Bruce Crockett and Josh Paschall, have indicated in statements that on one occasion, Mr.

3

Kind allegedly intimidated and/or threatened individuals as he sought to obtain the "cash back" proceeds post-real estate transaction at issue in this case. Defendant Kind argues that evidence of these alleged threats are not essential to the government's case or to the elements of proof of the crimes charged in the indictment.

The Government argues that the threats made by Kind are relevant to the conspiracy and scheme and are part of the res gestae. The threats explain why contrary to the builder's normal practice, a check was given after closing and why the check was made payable to defendant Kind, rather than to the buyer. The Government states that this evidence is necessary for the jury to understand what happened and why and is relevant to motive, intent, plan and knowledge.

The Court finds that this evidence is relevant and admissible and therefore **DENIES** the Motion in Limine regarding the Alleged Threats.

### F. Suspension of Driver's License

Defendant Kind states that his driver's license was suspended for a period of time within the last three years for allegedly failing to pay child support. He argues that this evidence should be excluded as it does not form part of the factual setting for the crimes with which he is charged. The Government states that it does not intend to offer any evidence regarding the suspension of defendant Kind's driver's license. Accordingly, this Motion in Limine is hereby **GRANTED**.

### G. Alleged Inflation of Income

Defendant Kind argues that his previous or subsequent mortgage applications are not relevant because it does not tend to make more or less probable any fact that is

4

Case 4:07-cr-00003-FJG   Document 60   Filed 08/07/07   Page 4 of 6

of consequence to the determination of the conspiracy and wire fraud.

The Government states that it intends to offer evidence that defendant Kind submitted false loan applications in which he inflated his income and assets, misrepresented his relationship to the property and submitted a false Contract for Deed. The Government argues that as part of the scheme, defendant Kind was to obtain a loan to purchase the property from McFadden-Weaver. In an effort to do so, he submitted a mortgage loan application and supporting documentation to the lender. The Government alleges that the application and supporting documentation contained false and fraudulent representations, such as inflated assets and income, his relationship to the property was not truthfully disclosed and the Contract for Deed was false.

The Court finds that this information is relevant and admissible and therefore **DENIES** the Motion in Limine regarding the inflation of income and the loan application.

Accordingly, for the reasons stated the Court hereby **GRANTS in part** and **DENIES in part** Defendant Kind's Consolidated Motions in Limine (Doc. # 33).

### II. MOTION IN LIMINE REGARDING THE CONDITION IN WHICH DEFENDANT KIND MAINTAINED 301 S.E. HACKAMORE DRIVE

Defendant Kind states that the Government intends to call as witnesses two of his former neighbors who will testify regarding how he maintained the residence and whether the utilities were connected. Defendant Kind does not object to these individuals testifying that he lived at the home, but he argues that they should not be allowed to testify regarding whether he furnished the house, what kind of a vehicle was parked in the driveway and whether the utilities were connected.

5

The Government states that it has no intention of offering evidence that the police had been watching the defendant, that the gas meter was removed, that there was little furniture in the home and that an older model vehicle was parked in the driveway. The Government states that the only relevant facts are that the electricity was turned off and that the defendant tried to use a generator in the garage for electric power. The Government argues that the fact that the electricity was turned off goes to corroborate the fact that Kind was unable to afford the property and had no vested interest in the house. Additionally, the Government argues that this evidence is relevant to the amount of loss.

The Court hereby **GRANTS in PART** and **DENIES in PART** the Motion in Limine regarding the condition of the property (Doc. # 44). The Government will not be allowed to offer evidence that the police were watching the house, that the gas meter was removed, that the house was minimally furnished or that an older model vehicle was parked in the driveway. However, the Government may offer evidence that the electricity was turned off and that the defendant attempted to use a generator in the garage for electrical power.

Date: 8/7/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge